UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJY WADE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. RUBALCABA, et al.,<br><br>　　　　　Defendants. | No. 2: 18-cv-2844 KJM KJN P<br><br><br>ORDER |

On December 6, 2019, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants move to dismiss on the grounds that plaintiff failed to exhaust administrative remedies and on the merits.[1] Plaintiff has not opposed the motion.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to

---

[1] On April 3, 2014, the United States Court of Appeals for the Ninth Circuit overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), with respect to the proper procedural device for raising the issue of administrative exhaustion. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Following the decision in Albino, a defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the amended complaint, or (2) a motion for summary judgment. Albino, 747 F.3d at 1166, 1169-70 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. Albino, 747 F.3d at 1168.

1

the granting of the motion . . . ." Id.

Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Id.

Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

Good cause appearing, IT IS HEREBY ORDERED that, within thirty days from the date of this order, plaintiff shall file an opposition, if any, to the motion to dismiss. Failure to file an opposition will be deemed as consent to have the: (a) action dismissed for lack of prosecution; and (b) action dismissed based on plaintiff's failure to comply with these rules and a court order. Such failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Dated: January 3, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wade2844.nop