1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BENJY WADE,                                    No.  2: 18-cv-2844 KJM KJN P

12                    Plaintiff,

13         v.                                         ORDER

14    J. RUBALCABA, et al.,

15                    Defendants.

16

17         Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  This action proceeds on plaintiff's fourth amended complaint.  (ECF No.

19   22.)  Pending before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil

20   Procedure 12(b)(6).  (ECF No. 40.)  Defendants move to dismiss for failure to state a claim and

21   on the grounds that plaintiff failed to exhaust administrative remedies.  See Albino v. Baca, 747

22   F.3d 1162, 1169 (9th Cir. 2014) (en banc) (defendants may raise issue of administrative

23   exhaustion in a motion to dismiss pursuant to Rule 12(b)(6) if the failure to exhaust is clear on the

24   face of the complaint).

25         For the reasons stated herein, the undersigned converts defendants' motion to dismiss for

26   failure to exhaust administrative remedies to a summary judgment motion and grants plaintiff an

27   opportunity to file a supplemental opposition.

28   ////

1

1   Legal Standards

2        If "matters outside the pleadings are ... not excluded by the court, the motion must be

3   treated as one for summary judgment under Rule 56." Fed. R. Civ. Pro. 12(d); Hal Roach

4   Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). "Whether to convert

5   a Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 12(d) is at the discretion

6   of the district court." Adobe Sys. Inc. v. Blue Source Grp., Inc., 125 F. Supp. 3d 945, 968 (N.D.

7   Cal. 2015).

8        "Because Rule 12(d) requires that '[a]ll parties must be given a reasonable opportunity to

9   present all the material that is pertinent to the motion,' such a decision requires that courts

10  consider whether the Parties have sufficient notice and an opportunity to respond." Sundby v.

11  Marquee Funding Group, Inc., 2020 WL 434487, at *2 (S.D. Cal. Jan. 28, 2020) (citations

12  omitted).

13  Discussion

14       Citing grievance no. 18-1854 attached to plaintiff's third amended complaint, defendants

15  move to dismiss on the grounds that plaintiff failed to exhaust administrative remedies before

16  filing this action.[1] (ECF No. 40-1 at 3, 5.) Jones v. Block, 549 U.S. 199, 211 (2007) (prisoners

17  are required to exhaust the available administrative remedies prior to filing suit).

18       In the fourth amended complaint, plaintiff alleges that he exhausted administrative

19  remedies as to all claims. (ECF No. 22.) The fourth amended complaint cites no administrative

20  grievances in support of this claim. No administrative grievances are attached to the fourth

21  amended complaint as exhibits. However, in his opposition to the motion to dismiss, plaintiff

22

23  [1] Defendants state that grievance no. 18-1854 attached to the third amended complaint is
    incorporated by reference in the fourth amended complaint. However, as discussed herein, the
24  fourth amended complaint does not reference any grievance. Therefore, whether grievance no.
    18-1854, attached to the third amended complaint, may be incorporated by reference is
25  questionable. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citations omitted) (the
    incorporation by reference doctrine permits courts to take into account documents "whose
26  contents are alleged in a complaint and whose authenticity no party questions, but which are not
    physically attached to the [plaintiff's] pleading."). The undersigned finds that the better approach
27  in these circumstances is to convert defendants' motion to dismiss to a summary judgment
    motion.
28

1    alleges that he exhausted his administrative remedies on January 11, 2019, in grievance no. 18-

2    1854.  (ECF No. 42.)  Plaintiff's grievances filed in grievance no. 18-1854 are attached as

3    exhibits to plaintiff's third amended complaint.  (ECF No. 18.)

4         It is not clear from the face of plaintiff's fourth amended complaint that plaintiff failed to

5    exhaust administrative remedies.  However, after reviewing grievance no. 18-1854, it appears to

6    the undersigned that plaintiff failed to exhaust administrative remedies prior to filing this action.

7    In order to consider grievance no. 18-1854, attached to the third amended complaint, the

8    undersigned converts defendants' motion to dismiss for failure to exhaust administrative remedies

9    to a summary judgment motion.

10        Accordingly, plaintiff is informed that the undersigned intends to convert defendants'

11   motion to dismiss for failure to exhaust administrative remedies to a summary judgment motion

12   so that grievance no. 18-1854 may be considered.[2]  Plaintiff is granted an opportunity to file a

13   supplemental opposition addressing defendants' argument that he failed to exhaust administrative

14   remedies prior to filing this action.

15        Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele

16   v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the following

17   requirements for opposing a motion for summary judgment pursuant to Federal Rule of Civil

18   Procedure 56.  Such a motion is a request for an order for judgment in favor of the defendant

19   without trial.  A defendant's motion for summary judgment will set forth the facts that the

20   defendant contends are not reasonably subject to dispute and that entitle the defendant to

21   judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her

22   claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on

23   plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that

24   plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the

25   _____

26   [2] It is clear that the issue of whether plaintiff exhausted administrative remedies would not benefit
     from additional discovery as the court file contains the relevant grievance, i.e., grievance no. 18-

27   1854.  See Rupert -Torres v. Hospital San Pablo, Inc., 205 F.3d 472, 475 (9th Cir. 2000) (if a
     claim or defense would benefit from additional discovery, a court is likely to not consider the

28   documents, and forego converting the motion to dismiss into a summary judgment motion).

complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  See Fed. R. Civ. P. 56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  See L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

Accordingly, IT IS HEREBY ORDERED that:

1.   Defendants' motion to dismiss for failure to exhaust administrative remedies is converted to a summary judgment motion;

2.   Plaintiff is granted thirty days from the date of this order to file a supplemental opposition addressing why defendants should not be granted summary judgment based on plaintiff's failure to exhaust administrative remedies prior to filing this action; defendants may file a supplemental reply within fourteen days thereafter.

Dated:  May 11, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Wade2844.con

4